NAKAJIMA ALL CO.; LTD., PLAINTIFF, AND SEARS, ROEBUCK AND CO., INTERVENOR-PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND SMITH CORONA CORP., INTERVENOR-DEFENDANT

Court No. 87–01–00089

(Decided July 11, 1991)

*McDermott, Will & Emery (David J. Levine)* and *Eckert Seamans Cherin & Mellott (R. Sarah Compton)* for the plaintiff.
*Barnes, Richardson & Colburn (Robert E. Burke* and *Brian F. Walsh)* for the intervenor-plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis);* Office of the Chief Counsel for Import Administration, U.S. Department of Commerce *(Pamela A. Green),* of counsel, for the defendant.
*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *Todd C. Fineberg)* for the intervenor-defendant.

AQUILINO, *Judge*: The plaintiff and the intervenor-plaintiff request that the court affirm the results of remand proceedings filed by the International Trade Administration, U.S. Department of Commerce ("ITA") in conjunction with Slip Op. 90–67, 14 CIT 469, 744 F. Supp. 1168 (1990), and Slip Op. 91–23, 15 CIT 147, 761 F. Supp. 142 (1991), and that final judgment be entered in their favor.

Familiarity with slip opinions 90–67 and 91–23 is presumed. In 90–67 the court concluded that, while the ITA has broad discretion in the enforcement of the trade law and its expertise is entitled to deference, its

  decision to investigate Nakajima's costs of production all over again
  in 1985 was not supported by substantial evidence on the record or

otherwise in accordance with law within the meaning of 19 U.S.C. § 1516a(b)(1)(B) * * * and this matter [had to] be remanded to the agency for further proceedings * * * regarding the margin of dumping, if any, of plaintiff's merchandise for the period May 1, 1981 to April 30, 1982.

14 CIT at 481, 744 F. Supp. at 1177.

As ordered, the ITA conducted further proceedings and filed the results thereof, concluding that the revised weighted-average margin for the plaintiff for the period in question was 0.0024 percent. In reaching this conclusion, the agency stated that in

accordance with the [court's remand] order we have completed the analysis of Nakajima All Co., Ltd. ("Nakajima") using the home market sales data submitted * * * in its amended questionnaire response of March 11, 1983, rather than using the best information otherwise available.

  *   *   *   *   *   *   *

The CIT directed the Department to rely on the data submitted by Nakajima rather than use BIA.

In our revised analysis we have removed all of the BIA data originally used for the home market analysis and inserted sales data from Nakajima's amended questionnaire response of March 11, 1983. Sales data were entered on the computer program for models 7500, 8500, 8600, and M100, and margins were calculated based on Nakajima's sales data. We made no change to the foreign market value calculated in the January 14, 1987 final results for model 8800C. The calculation of U.S. price for all five models is the same as that employed in the original analysis.

We made adjustments to the foreign market value for Japanese inland freight, the difference between packing for sale in Japan and packing for sale in the United States, differences in merchandise, and differences in credit.

On subsequent review of these remand results, the court concluded in Slip Op. 91–23 that the statement that it had directed the Department to rely on data submitted by Nakajima rather than use the best information otherwise available was clearly erroneous and that this misapprehension was the apparent linchpin of the outcome. Thereupon, Slip Op. 91–23 stated that the prior opinion of the court had held only that

the ITA could not have initiated a cost-of-production investigation based on the record then in existence. As for what the agency should have done after remand, if any party was effectively precluded from providing information which might shed light on the margin of dumping of plaintiff's merchandise for the period under review, those proceedings were not carried out in accordance with the law of this case. That is, on the record at hand, the court cannot conclude otherwise, nor is it able to conclude that, if the ITA excluded information, such exclusion constituted harmless error. Hence, a second remand is necessary — to afford the agency an opportunity to receive and consider whatever data the parties may possess and

which bear on the ultimate question presented for redetermination.

15 CIT at 149, 761 F. Supp. at 144.

The ITA has now submitted its redetermination, which is summarized as follows:

> * * * [P]ursuant to the second remand from the Court of International Trade * * *, we have completed these remand results after affording the parties an opportunity to submit further information and comments.
>
> Based on our analysis of the information and comments received, we determine that the supplemental information submitted by Smith Corona, concerning its allegation of sales below cost of production, fails to assuage the shortcomings identified by the Court of International Trade in the Court's original remand decision of July 20, 1990 (Slip Op. 90–67). As a result, the Department determines that Smith Corona's sales below cost of production allegation is inadequate; therefore, the Department used verified sales information submitted by Nakajima during the administrative review to complete this remand. Consequently, the result of the first remand remains unchanged.

As indicated above, the plaintiff and the intervenor-plaintiff request that this redetermination be affirmed. In response, the intervenor-defendant continues to cling to the concept that its market-research report, which was discussed at length in Slip Op. 90–67, constitutes the best information available for the purpose of determining the dumping margin.

The ITA's summary shows that it was unable to agree with the intervenor-defendant, but at least the report of the agency's second remand proceedings reveals that the intervenor-defendant was afforded an appropriate opportunity to present information and attempt to persuade it otherwise. Indeed, the instant Response of Smith Corona Corporation to Final Results of Remand Redetermination does not disagree on this point.

After review of the entire ITA report, and in the light of the existing record, the court concludes that the results of the remand proceedings are now supported by substantial evidence on the record and are otherwise in accordance with law within the meaning of 19 U.S.C. § 1516a(b)(1)(B). Judgment will enter accordingly.